IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| PATRICIA CLEMENTS, individually and on behalf of all others similarly situated, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:13-CV-1468-RWS |
| v. | : : | |
| LSI TITLE AGENCY, INC.; LAW OFFICES OF WILLIAM E. FAIR, LLC; WILLIAM EVE FAIR, III, individually; and JOHN DOES (1-15) LSI SCHEDULING FIRMS, | : : : : : : | |
| Defendants. | : | |

## **ORDER**

This case is before the Court on Defendant LSI Title Agency, Inc.'s ("LSI") Motion to Dismiss [23], Defendants William Fair and Law Offices of William E. Fair's ("Fair Defendants") Motion to Dismiss [24], and Plaintiff's Motion for Oral Hearing [33]. After reviewing the record, the Court enters the following Order.

## **Background**

The pertinent facts are largely undisputed and unless otherwise noted are taken from the Amended Complaint [21]. Plaintiff alleges state and federal

causes of action against Defendants for their conduct surrounding the refinancing of her residential mortgage.  Attached to the Amended Complaint is the Settlement Agreement HUD-1 for Plaintiff's refinancing.  ([21] at 51-54 of 59.)

The HUD-1 form shows several settlement fees charged in connection with the refinancing.  The fees total $754.57.  The charges include: (1) $15.57 for "daily interest charges from 11/30/12 to 12/01/12;" (2) $585.00 for "title services and lender's title insurance;" (3) $135 for "government recording charges;" and (4) $19.00 for a "flood life of loan fee."  Lines 802 and 803 of the HUD-1 show that Plaintiff received a credit from Wells Fargo of exactly $754.57 to offset these fees.  At closing, Plaintiff did not make any cash payments other than her escrow deposit to Wells Fargo.

## Discussion

LSI moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction.[1]  LSI argues that Plaintiff has not alleged a particularized injury and thus does not have

---

[1] Even though the Fair Defendants have not joined LSI's motion to dismiss under 12(b)(1), if the Court finds that it lacks subject matter jurisdiction to hear this case, dismissal is mandatory as to all Defendants.

2

AO 72A
(Rev.8/82)

Article III standing. (LSI MTD Br., [23-1] at 7-8 of 28.) The Court agrees that Plaintiff lacks standing to bring this suit.

"Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." Swann v. Secretary of Ga., 668 F.3d 1285, 1288 (11th Cir. 2012) (citation omitted). Article III standing requires three showings: (1) an actual or imminent injury, (2) causation, and (3) redressability. Id. (citations omitted). "Each element of standing must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of litigation." Bochese v. Town of Ponce Inlet, 405 F.3d 964, 975 (11th Cir. 2005) (citation omitted).

"Accordingly, when a question about standing is raised at the motion to dismiss stage, it may be sufficient to provide general factual allegations of injury resulting from the defendant's conduct." Id. (quotations and citation omitted). However, a plaintiff "has the burden to clearly and specifically set forth facts sufficient to satisfy Art. III standing requirements." Id. (quotations and citation omitted). Courts "should not speculate concerning the existence of standing, nor should we imagine or piece together an injury sufficient to give

3

plaintiff standing when it has demonstrated none." Id. (quotations and citation omitted).

Plaintiff's HUD-1 ([21] at 51-54 of 59) shows the various fees that were charged in connection with Plaintiff's refinancing transaction. Plaintiff's total fees were $754.57. The charges break down as follows: (1) $15.57 for "daily interest charges from 11/30/12 to 12/01/12;" (2) $585.00 for "title services and lender's title insurance," which includes $300 for "settlement or closing fee" and $275 for "lender's title insurance;" (3) $135 for "government recording charges;" and (4) $19.00 for a "flood life of loan fee." However, lines 802 and 803 of the HUD-1 agreement show that Plaintiff received a credit (paid by Wells Fargo) of exactly $754.57 to offset those fees. Thus, Plaintiff paid nothing at closing other than her escrow deposit to Wells Fargo.

Plaintiff alleges the following injuries in her Amended Complaint: being charged $300 for "settlement or closing fee," being charged $125 for "Government recording charges," and being charged excessive fees for Lender's title insurance. (Compl., [21] ¶¶ 28, 29, 40, 50.) Plaintiff claims that she, and others similarly situated, "suffered damages by paying for services for

4

which a charge is not appropriate."[2] (Id. ¶¶ 69, 77, 113.) LSI argues that because Plaintiff did not actually pay any of the fees about which she complains, she has not suffered an injury-in-fact and cannot establish standing. (LSI MTD Br., [23-1] at 8 of 28.)

Plaintiff counters that "provision of a lender credit is not the same as the payment or waiver of closing costs." (Pl. Resp. Br. [30-1] at 3 of 28.) She claims that she was "still charged" the closing fees and she "bore the financial burden of paying them." (Id.) Plaintiff is splitting hairs with these arguments. Whether Wells Fargo's credit is labeled an offset, a waiver, or something else, the fact remains that Wells Fargo, not Plaintiff, bore the cost of the allegedly wrongful fees. Plaintiff was out nothing for these charges.

Plaintiff also argues that she suffered a financial detriment as a result of the fees "without which her lender credit would have been applied elsewhere." (Id. at 4 of 28.) Specifically, she claims, "this credit could have been applied to

---

[2] The Amended Complaint alleges wrongdoing by Defendants related to Keith and Sandra Wilson's residential real estate closing. (See generally, Compl., [21].) The Complaint alleges that the Wilsons were charged the same fees and suffered the same injuries as Plaintiff. However, the Wilson's HUD-1 Settlement Agreement ([21] at 56-59 of 59), also attached as an exhibit to the Amended Complaint, shows that they too received a complete offset for the charges at issue.

5

lower her interest rate or even been taken as cash at settlement by Ms.Clements." (Id.)  The Court agrees with LSI that Plaintiff's Complaint is devoid of any facts or allegations establishing that she was entitled to a credit in the absence of settlement costs, or that such a credit could or would have been applied to a lower interest rate or a cash payment to Plaintiff.  (See LSI Reply [31] at 3-4 of 19.)  As stated above, the Court may not speculate or imagine an injury that is not demonstrated in the Complaint.

Finally, Plaintiff argues that economic damages are not necessary to confer standing in cases where statutory violations were claimed.  (Pl.'s Resp. [30-1] at 4 of 28.)   In Warth v. Seldin, 422 U.S. 490, 500 (1975), the Supreme Court stated, "The actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." (Quotations and citation omitted).  "Essentially, the standing question in such cases is whether the constitutional or statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief."  Id.

Here, according to Plaintiff, RESPA § 2607(d)(2) includes statutory damages for Defendants' alleged violations, and thus confers standing upon

6

Plaintiff without any separate showing of economic damages. (Pl.'s Resp. Br. [30-1] at 5 of 28.) Section 2607(d)(2) reads: "Any person or persons who violate the prohibitions or limitations of this section shall be jointly and severally *liable to the person or persons charged for the settlement service* involved in the violation in an amount equal to three times the amount of any charge paid for such settlement service." (Emphasis added).

Plaintiff cites Edwards v. First Am. Corp., 610 F.3d 514 (9th Cir. 2010) which, like the present case, involved alleged violations of RESPA and the damage provision under § 2607(d)(2). There, the court found that RESPA did give the plaintiff a statutory cause of action which conferred standing to pursue her claims. Id. at 518. However, Edwards is distinguishable from the present case in a key respect. The Plaintiff in Edwards *paid* $455.43 for title insurance, which was listed as a settlement charge on her HUD-1. Id. at 516. Her payment of the fee triggered her right to receive damages under § 2607(d)(2).

Despite Plaintiff's attempt to classify the fees in this case as charges against her, she simply did not pay any of the fees. Her alleged injuries are hypothetical. Wells Fargo offset all of the complained of charges. While Wells

7

Fargo may have standing to challenge the legitimacy of these charges under state and federal law, Plaintiff herself has not adequately pled an actual injury.

## Conclusion

Based on the foregoing, this matter is **DISMISSED** against all Defendants for lack of subject matter jurisdiction.

**SO ORDERED**, this 21st day of March, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE